UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:10-CV-11434-RGS

JOHN FERREIRA, JR.

v.

THE UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

August 15, 2011

STEARNS, D.J.

John Ferreira, proceeding pro se, brought this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Ferreira contends that the Probation Office's Presentence Report (PSR) improperly classified him as a career offender, thereby unfairly enhancing his sentence. He also argues that equitable tolling should be applied to excuse his (self-presumed) late-filed petition. As Ferreira cannot show that the career offender classification was erroneous or that he suffered any prejudice as a result, the petition will be DENIED.

BACKGROUND

In November of 2005, Ferreira and fourteen other defendants were named in an eleven-count indictment charging drug-related crimes. Ferreira was charged with conspiracy to distribute at least five kilograms of cocaine and at least 50 grams of crack

cocaine (Count I); conspiracy to distribute at least 100 grams of heroin (Count II); and the distribution of at least five kilograms of cocaine (Count III). On June 25, 2008, without the benefit of a plea agreement, Ferreira pled guilty to all three Counts.

The PSR recommended that Ferreira be held responsible for the distribution of at least sixteen kilograms of cocaine and 284 grams of heroin, resulting in a base offense level (BOL) of 34. PSR ¶¶ 63-64. A four-level upward adjustment was awarded for Ferreira's role as a leader in the drug enterprise, while three levels were deducted for acceptance of responsibility, resulting in a total offense level of 35. PSR ¶¶ 66, 70, 71. Ferreira's prior criminal record included Massachusetts state court convictions for resisting arrest, assault and battery on a police officer, assault and battery with a dangerous weapon, and simple assault and battery, resulting in a criminal history score of 3 points and a concomitant Criminal History Category (CHC) of II. Consequently, the advisory guideline sentencing range (GSR) was 188 to 235 months. PSR ¶¶ 87, 89, 91, 93. However, because three of Ferreira's prior convictions were deemed by the Probation Office to qualify as violent felonies, his CHC was automatically adjusted to level VI, with a final advisory GSR of 292 to 365 months. PSR ¶¶ 94, 165.

At the October 16, 2008 sentencing hearing, Ferreira asked that the court depart downward to a sentence of 120 months (the mandatory statutory minimum), principally

on the ground that his prior assault and battery convictions, while technically crimes of violence, unfairly inflated his CHC. While the court accepted the calculations of the PSR as accurate, it asked the question: "Is this sentence (292-365 months) reasonable under the circumstances of the case and given the circumstances of the defendant?" Sent. Hr'g Tr. at 25. Answering the question "no," the court departed downward and sentenced Ferreira to 180 months, followed by five years of supervised release. In explaining its sentence, the court stated as follows,

> The court recognizes that the defendant has three predicate convictions warranting the application of career offender [status] and resulting in a criminal history category of VI. . . . That being said, the Court finds that the low end of the advisory range (292) months is excessive. The Court is fully aware of all [of the] participants' roles and has imposed proportionate sentences. The defendant shared a leadership role [in the enterprise] and therefore a sentence of 180 months is reasonable based on the facts of the case.

Dkt. #448. Ferreira filed a notice of appeal, which he subsequently withdrew.[1] On April 16, 2010, he filed this motion to vacate his sentence.

## DISCUSSION

The petition fails on two grounds, neither of which require extensive discussion.

---

[1] In withdrawing the appeal, Ferreira stated: "[After] much deliberation I have come to the determination that I do not wish to take any risk of increasing my incarceration period and I agree that I have no legitimate chance of receiving a lower sentence as the result of a direct appeal to this court." *United States v. Ferreira*, Pet'r Appeal No. 08-2448, November 10, 2009.

As a preliminary matter, Ferreira's objection to being sentenced as a career offender is barred by his failure to raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (a failure to raise a claim on direct appeal constitutes a procedural default barring collateral review). While a showing of cause and prejudice or actual innocence will excuse a default, Ferreira cannot demonstrate any of the three necessary predicates. The claim that it would have been futile to pursue a direct appeal in the face of then binding First Circuit case law (later modified by the Supreme Court's holding in *Johnson v. United States*, 130 S. Ct. 1265 (2010))[2], is foreclosed by *Bousley*. "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 622 (internal quotations and citations omitted). More significantly, prejudice cannot be shown because contrary to Ferreira's claim, he was not sentenced as a career offender. In fact, the sentence imposed by the court was lower than that recommended by the Guidelines without any upward adjustment for career offender status. Finally, Ferreira's claim that he is "actually innocent of his sentence as a career offender," confuses (as the government points out) factual innocence with legal insufficiency. *See*

---

[2]*Johnson* held that where a statute defines a battery as involving either the application of injurious force or an offensive touching without consent, a generic conviction of battery by itself does not categorically constitute a "violent felony."

4

*Bousley*, 523 U.S. at 623.[3]

ORDER

For the foregoing reasons, the Petition to Vacate, Set Aside, or Correct Sentence is <u>DENIED</u>. The Clerk will now close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[3] Ferreira also urges the court to excuse the late filing of his petition under the doctrine of equitable tolling. *But see Barreto-Barreto v. United States*, 551 F.3d 95, 100-101 (1st Cir. 2008). The request, however, is moot as the petition was timely filed (as the government concedes).